NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3344

JAIME E. FALLORIA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.


<u>Jaime E. Falloria</u>, of Camiing, Cabangan, Philippines, pro se.

<u>Jeffrey D. Klingman</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were <u>Jeanne E. Davidson</u>, Director, and <u>Patricia M. McCarthy</u>, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3344

JAIME E. FALLORIA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831080177-I-1.

_____

DECIDED: March 5, 2009

_____

Before MAYER, RADER, and POSNER*, <u>Circuit Judges</u>.*

PER CURIAM.

Jaime Falloria appeals the decision of the Merit Systems Protection Board, which affirmed the decision of the Office of Personnel Management denying him the ability to make a deposit into a Civil Service Retirement System (CSRS) account. He argues that the board erred as a matter of law by mistakenly denying his creditable service and thus

---

\* Honorable Richard A. Posner, United States Court of Appeals for the Seventh Circuit, sitting by designation.

excluding him from CSRS benefits. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

This court must affirm decisions of the Merit Systems Protection Board unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). Because the decision of the board meets these requirements, we affirm.

While nearly all civilian federal employment is creditable service, not all of it is covered service under the CSRS. According to his Standard Form 50's ("SF-50"), while his employment may have been creditable service, at no time that Falloria was employed by the United States was he an employee in a covered position under the CSRS. Rather, he was either an intermittent employee or an excepted indefinite employee, ineligible for CSRS benefits pursuant to 5 C.F.R. §§ 831.201(a)(1), (2), (6), (13), and (14) (2009). Further, he was either enrolled in no retirement plan, or listed as belonging to a plan designated as "other." As the board found, this indicates that the employee had not served in a CSRS covered position, but rather served in a position that was excluded from CSRS coverage. His retirement SF-50 is consistent with this. In addition to listing "other" as his retirement plan, it shows that he was eligible for a lump sum payment of 75% of 23 months' pay, taking into account his more than 23 years of creditable service with U.S. Forces Philippines, the Collective Bargaining Agreement of January 17, 1990, and the Filipino Employment Personnel Instructions. The board found that he received this lump sum in lieu of any entitlement to CSRS

benefits. <u>See</u> 5 U.S.C. § 8331(1)(ii) (2000) (excluding from CSRS employees covered by another program). Finally, the board found that there was no record that any deductions for retirement benefits were withheld from Falloria's pay during his service. Because he was neither a current employee nor a former employee retaining annuity rights in the CSRS, he was not eligible to make a deposit into the CSRS. <u>See</u> 5 C.F.R. § 831.112(a) (2009). Thus, substantial evidence supports the board's decision to uphold OPM's denial of Falloria's deposit, and nothing suggests that the board's decision is not in accordance with law.